UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDDIE BROWN | CIVIL ACTION |
| VERSUS | NO. 20-1792 |
| THE PHOENIX INSURANCE COMPANY | SECTION M (3) |

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiff Eddie Brown,[1] to which defendant The Phoenix Insurance Company ("Phoenix") responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion to remand, finding that Phoenix has met its burden of establishing the requisite amount in controversy.

**I.    BACKGROUND**

This case involves a personal injury. Brown filed this action against Phoenix in the 23rd Judicial District Court, Parish of St. James, State of Louisiana, seeking to recover on his uninsured/underinsured motorist insurance policy for injuries he allegedly sustained in an automobile accident.[3] Specifically, Brown alleges that on April 8, 2019, he was driving on LA 3125 in St. James Parish when he stopped for a red light at the intersection with LA 642.[4] Thaddus Wilson, who was driving a truck behind Brown, failed to stop and rear-ended Brown's vehicle.[5] Brown alleges that he sustained damages for past, present, and future pain, suffering, disability, mental anguish, loss of enjoyment of life, medical expenses, and loss of income and

---

[1] R. Doc. 7.
[2] R. Doc. 9.
[3] R. Doc. 1-3 at 3.
[4] *Id.*
[5] *Id.*

earning potential.[6] On June 19, 2020, Phoenix received Brown's medical records which show that he has undergone two lumbar steroid injections to treat several herniated and bulging discs.[7]

On June 23, 2020, Phoenix removed this action to this Court alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[8] Phoenix alleges that the parties are completely diverse as it is a citizen of Connecticut, and Brown is a citizen of Louisiana.[9] Phoenix also alleges that there is more than $75,000 in controversy as evidenced by the injuries documented in Brown's medical records.[10] Finally, Phoenix points out that Brown has not stipulated that his damages do not exceed the jurisdictional threshold.[11]

## II. PENDING MOTION

Brown filed the instant motion to remand arguing that Phoenix did not meet its burden of demonstrating that the requisite amount in controversy was satisfied as of the date of removal because Phoenix refers to the categories of damages listed in the complaint to say that Brown could recover more than $75,000, but refused to admit in response to Brown's discovery requests that Brown was entitled to recover more than $75,000.[12]

In opposition, Phoenix argues that it does not rely on the categories of damages listed in the complaint to assess the amount in controversy, but rather relies upon Brown's medical records as demonstrating that his injuries, if proved to be related to the subject accident, would likely result in a recovery of an amount greater than $75,000.[13] Phoenix explains that, although it did not admit that it *owes* Brown damages in excess of $75,000, it acknowledges that the amount in controversy likely exceeds $75,000.[14]

---

[6] *Id.* at 4.
[7] R. Doc. 1 at 2-4.
[8] *Id.* at 2.
[9] *Id.* at 4.
[10] *Id.* at 3-7.
[11] *Id.* at 7-9.
[12] R. Doc. 7-1 at 4-5.
[13] R. Doc. 9 at 2-3.
[14] *Id.* at 4-7.

**III.   LAW & ANALYSIS**

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  Subject-matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  "Any ambiguities are construed against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

Because plaintiffs in Louisiana state courts may not plead a specific amount of damages, the Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)."  *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 882-83 (5th Cir. 2000).  In these cases, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth facts, preferably in the removal petition or sometimes by affidavit, that support a finding of the requisite amount.  *Id.*

In this case, Phoenix met its burden of demonstrating that the amount-in-controversy threshold is satisfied.  In the removal petition, Phoenix refers to the severity of the injuries alleged by Brown, which show several disc herniations and bulges in his cervical and lumbar spine for which he has received chiropractic treatments for neck and back pain and undergone

two lumbar steroid injections.[15]  It is reasonable to conclude the medical care associated with such injuries could cost more than $75,000.  Thus, Phoenix has met its burden of establishing the requisite amount in controversy.

IV.     **CONCLUSION**

IT IS ORDERED that Brown's motion to remand (R. Doc. 7) is DENIED.

New Orleans, Louisiana, this 13th day of August, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[15] R. Docs. 1 at 3-4; 1-3 at 8-19.